## H. H. HASSETT, APPELLEE, V. D. S. CURTIS, APPEL-LANT.

1. **Pleading:** ANSWER: GENERAL DENIAL. An answer, consisting of a general denial of each and every allegation in the petition, places in issue all the allegations contained therein. *Donovan v. Fowler*, 17 Neb., 247.

2. ——: ——: MECHANIC'S LIEN. In an action to foreclose a mechanic's lien on real estate for material furnished in the construction of a building thereon, an answer consisting of a general denial is a denial of the allegations of the sale of the material for the purpose alleged, and of the ownership of the real estate upon which the lien is sought to be established, and the burden of proof is upon the plaintiff to prove all facts necessary to the existence of such lien.

APPEAL from Johnson county district court. Heard below before BROADY, J.

*L. C. Chapman*, for appellant.

*Appelget & Son*, for appellee.

REESE, J.

This was an action to foreclose a mechanic's lien. The decree in the district court was in favor of plaintiff, and defendant, D. S. Curtis, appeals.

Appellant insists that the petition does not state a cause of action against defendant and the property sought to be affected, but as the abstract furnishes no information as to the allegations of this pleading we cannot decide as to its merits.

The next contention is, that the evidence adduced on the trial was not sufficient to sustain the finding of the court, and that no cause of action was proved on the trial.

As the testimony adduced on the trial was very short we copy the same in full. It is as follows:

Plaintiff in his own behalf testified:

Q. 1.    Are you the plaintiff in this case?

A.    I am.

Q. 2.    Will you look at that account (handing witness a paper) and see if that account is due and remains unpaid?

A.    Yes, the balance here has never been paid.

Q. 3.    Also as to the affidavit attached to the account. Is that the original affidavit you filed in the county clerk's office and obtained a lien?

A.    Yes, the same as I signed.

Q. 4.    Has any part of that account been paid, except as endorsed on the account?

A.    That is all that has been paid.

Plaintiff offers in evidence the account attached to the pleadings.

Q. 5.    How much is due upon this account?

A.    $36.46.    That is after $74.80 has been paid.    The balance due is $36.46 and interest.

Q. 6.    When was that due?  When was that $36.46 due?

A.    It was due at that time.

Q. 7.    Now the date?

A.    The day it was put on.

Q. 8.    Was it a cash item?

A.    That $74 was a cash item.

Q. 9.    Was the bill due when the material was furnished?

A.    Yes, he agreed to pay it within sixty days' time. I sold the material and he did not do it.

CROSS-EXAMINATION.

Q. 10.    These articles were furnished at the time set out in this bill.

A.    Yes, it is all the same bill.

Q. 11.    To whom did you furnish this material, and who owes you for the same?

A.    Mr. D. S. Curtis.

This testimony, uncontradicted as it is, is sufficient to sustain the finding of indebtedness, and would support a judgment for money only. But we fail to find any proof which would justify a finding that the lumber was furnished by virtue of a contract, express or implied, for the construction or reparation of any building or other improvement on the land of appellant, or that the material was used by him for any such purpose.

We are informed by the abstract that the answer contained a general denial of the allegations of the petition. This requires proof upon every material allegation therein not admitted of record to be true. Maxwell's Pleading and Practice, 127. *Donovan v. Fowler*, 17 Neb., 247.

It is shown that the statement of account and affidavit filed in the office of the county clerk for the purpose of securing the lien, were offered and received in evidence, but neither party gives us any light in his abstract as to the contents of these papers. This was unnecessary, perhaps, as it could not be claimed that they would furnish competent evidence of the facts necessary to be proven, they being evidence only of the fact of their filing within the time required by law and of their own contents as touching their sufficiency. There was, therefore, no evidence to support the decree, so far as the enforcement of the mechanic's lien is concerned.

The decree of the district court will therefore be set aside, and the cause remanded to that court, with directions to re-try the cause if plaintiff so desires; or in case he should so elect, to render judgment in his favor for the amount found due on the previous trial.

REVERSED AND REMANDED.

THE other judges concur.