THOMAS J. HINES, APPELLEE, V. CHARLOTTE COCHRAN ET AL., APPELLANTS, AND PHILADELPHIA MORTGAGE AND TRUST COMPANY ET AL., APPELLEES.

FILED FEBRUARY 19, 1895.   No. 5480.

1. **Mechanics' Liens.** The evidence in this case examined, and *held* to sustain the decree of the district court, except as to the claim of J. A. Fuller & Co.

2. ———. In respect to the rights of J. A. Fuller & Co., the case of *Byrd v. Cochran*, 39 Neb., 109, involving the same questions, is held decisive.

APPEAL from the district court of Douglas county. Heard below before HOPEWELL, J.

*B. F. Cochran* and *B. G. Burbank*, for appellants.

*Montgomery, Charlton & Hall, Wharton & Baird*, and *John O. Yeiser, contra*.

RYAN, C.

In the district court of Douglas county Thomas J. Hines commenced this action against Charlotte Cochran for the foreclosure of a mechanic's lien on account of plastering and mason work alleged to have been done by him, as a subcontractor, in the erection of a building on premises owned by the said defendant. There were made defendants the Philadelphia Mortgage & Trust Company, the holder of a mortgage on the aforesaid premises, William M. Bell, the principal contractor for the erection of the house aforesaid, and Herman E. Cochran, the husband of Charlotte

Cochran.  The amount claimed was $594.40, for which sum plaintiff prayed a personal judgment against Charlotte Cochran and William M. Bell.  After the commencement of this action the Bohn Sash & Door Company intervened, and, by virtue of an assignment by Bell of a claim for a mechanic's lien which he held as the principal contractor, asked to be subrogated to his rights, and in such rights prayed a foreclosure for the sum of $1,053.82, the balance alleged to be due to Bell.  J. A. Fuller & Co. also intervened and sought the foreclosure of a claim assigned to said firm by a subcontractor, Joe Johnson, in the sum of $88.75, for the painting done on said house.  On a trial duly had there was a decree in favor of Thomas J. Hines in the sum of $5.  This amount was all that he was entitled to, under one theory sustained by sufficient evidence, and it will therefore be passed without further consideration.  The court found due the Bohn Sash & Door Company but $672.20, and decreed in its favor a lien for that amount, subject to the lien of the Philadelphia Mortgage & Trust Company by virtue of its mortgage.  The contentions which arise in respect to this claim are three in number. As against any right to a lien it is insisted that the Bohn Sash & Door Company, before the work was begun, executed a written waiver of its right to claim or enforce a lien. It is urged that the above mentioned mortgagee made the loan it did to Mrs. Cochran, greatly influenced by this fact, and that to permit the Bohn Sash & Door Company now to enforce a lien would not be just.  This company does not claim a lien in its own right for material furnished by it. The evidence shows, as its name implies, that it is within the scope of the business of the Bohn Sash & Door Company to furnish manufactured building material of certain kinds.  Its agreement was made in view of that fact and inhibited only the filing of the claim for a lien when it was for material by it furnished.  In this case the claim of Mr. Bell was for a general balance due him on his contract to

furnish the material and erect the building in contempla-
tion.   His claim was complete, and all steps required by
statute to entitle him to a lien had been complied with be-.
fore his assignment of it to the Bohn Sash & Door Com-
pany.   It is true the interim between the filing of this
claim and the assignment thereof was of only about fifteen
minutes duration, yet the proof was sufficient to justify the
conclusion that the lien was in fact perfected before the assign-
ment was made.   The agreement of the Bohn Sash & Door
Company did not forbid that company's acquisition of a
claim already due and owing, but it was that it would not
assert a claim on account of material furnished by itself.
A complaint made by the Bohn Sash & Door Company and
Mr. Bell is that from the claim assigned by the latter to the
former, there was a deduction of the sum of $93, an amount
paid by the husband of Charlotte Cochran to the firm of
Ittner & Cassell for brick furnished and used in the erec-
tion of the building of Mrs. Cochran.   Mr. Bell testified
that this payment was made by Mr. Cochran, the agent of
Mrs. Cochran, notwithstanding the fact that before such
payment he had informed Mr. Cochran that this bill had,
by himself, been fully paid.   Mr. Cochran on the other
hand testified that a member of the firm of Ittner & Cas-
sell demanded payment of this bill in the presence of Mr.
Bell, and that, with Mr. Bell's approval, he, the said Mr.
Cochran, paid it.   As the firm of Ittner & Cassell was a
subcontractor under Mr. Bell it was proper that Mr. Coch-
ran should make payment directly to said subcontractor, if
the facts were as stated in the testimony of Mr. Cochran.
On conflicting evidence it must be presumed that the con-
clusion found by the district court was correct and, therefore,
this was a duly authorized payment.   The Bohn Sash &
Door Company claim that Mr. Bell had begun the construc-
tion of the aforesaid building before the mortgage of Mr.
and Mrs. Cochran to the Philadelphia Mortgage & Trust
Company was filed for record, and that, therefore, the dis-

trict court unjustly postponed the lien acquired by Mr. Bell
to that of the aforesaid mortgagee.    The evidence adduced
on only one, and no matter which, side of this question of
fact seems absolutely unanswerable.    The proofs on the
other side afford so complete a demonstration of its correct-
ness that we cannot but be surprised that the district court,
upon consideration of the evidence on both sides, could find
any preponderance in favor of either.    Under such cir-
cumstances we must assume that the manner of the wit-
nesses, or some other circumstances of which we have not
the advantage of knowledge, destroyed this apparent equi-
librium.    As the finding of the district court was in favor
of the mortgagee it must remain undisturbed.

In the case of *Byrd v. Cochran*, 39 Neb., 109, there were
considered the rights of J. A. Fuller & Co., as assignee,
of the claim of Joe Johnson for painting by him done on
the house erected by E. G. Cochran.    In that case John-
son's contract was for the painting of two houses.    One of
these was in course of erection by E. G. Cochran when
this contract was made, the other was the one involved in
this case.    The right of J. A. Fuller & Co., as the assignee
of Joe Johnson for painting by him done on the house of
E. G. Cochran, was denied in the case of *Byrd v. Cochran,*
*supra.*   As the facts in that case were necessarily the same
as those in this, in so far as thereby are to be determined
the rights of Fuller & Co., it is unnecessary to repeat
them.    In the case at bar there is no occasion for doing
more than to quote the second paragraph of the syllabus in
the case of *Byrd v. Cochran, supra,* for thereby is correctly
given the status, and fully stated the rights, of J. A. Fuller
& Co.    This paragraph is in this language: "When a sub-
contractor paints two separate houses and furnishes the paint
and other materials necessary for use in the painting, con-
tracting for such work and materials with the original con-
tractor, the consideration for such agreement being in one
sum for both jobs, in order to recover upon a mechanic's

lien filed against one of the houses and the lot upon which it stands, it must be shown that the amount charged against the one house and lot is the value of the labor performed upon and materials furnished for such house, or an estimate made by some method or plan which will produce a certain definite result, and mere approximation or guesswork will not suffice to establish the lien." The court erred in allowing this lien, and to that extent its decree must be reversed. In all other respects its judgment is affirmed and the cause is remanded with directions to the district court to enter a decree in conformity herewith.

JUDGMENT ACCORDINGLY.

IRVINE, C., not sitting.