**George W. Craig, Deceased, Employee,**

**William R. CRAIG, Geraldine Craig, Christina Craig, and Cheryl Linn Craig, Claimants-Respondents,**

v.

**Lin CALVERT, Employer-Appellant,**

**Western Casualty & Surety Company, Insurer.**

No. KCD 29665.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Dale Reesman, Williams, Reesman & Tate, Boonville, for employer-appellant.

W. F. Daniels, Fayette, for claimants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This is an appeal by the employer of an award of compensation in a death claim. The employer contends that the claimants' award is improper as being without competent and substantial evidence supporting the finding of contribution by the deceased to the claimants.

The deceased was the son of the claimant, William R. Craig, stepson of William R. Craig's wife, Geraldine Eliza Craig, and a half brother of Cheryl Craig, age 6, and Christina Craig, age 8. Christina is a mongoloid child. At the time of his death which was a result of a compensable injury, the deceased lived in his father's home with the other claimants. The decedent had his own bedroom in the home and had lived there since the marriage of his father and his stepmother about ten years preceding the death of the son. The testimony developed that the deceased contributed $20 every week to Mrs. Craig which she used with the money given to her by the husband to pay the household and living expenses. In addition, the evidence disclosed that the deceased brought home groceries worth $10 to $15 per week and spent an average of $15 per month on clothing for his half sisters. He also contributed to the family enterprise by baby-sitting with his half sisters, mowing the lawn, and helping with the household chores. The evidence disclosed that the deceased used his father's car on the weekends and frequently provided gasoline for that vehicle. At the time of his death, his stepmother was not employed outside of the home, although she had been employed in prior years. The evidence was understandably skimpy with respect to the family expenses, the claimants having no record or recollection of their family budget for groceries before and after the deceased's death.

The scope of review in this case is delineated in § 287.490 RSMo 1969, which in pertinent part is as follows:

"The court, on appeal shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

In workmen's compensation cases, it is the award of the Industrial Commission, not the finding of the referee, which the Court of Appeals reviews. *Begey v. Parkhill Trucking Co.*, 546 S.W.2d 529 (Mo.App. 1977).

The judicial review of a workmen's compensation case is of the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. The function of the court is to determine whether the Commission's findings, if supported by competent and substantial evidence, are contrary to the overwhelming weight of the evidence. *Miller v. Sleight & Hellmuth Ink Co.*, 436 S.W.2d 625 at 627–28 (Mo.1969).

The record below contains competent and substantial evidence upon which the Commission could base the award, and clearly this finding was not against the overwhelming weight of the evidence. The evidence was uncontradicted that the deceased contributed substantially to the household both in money and services. Assuming Mr. Craig was making the same amount of money at the time of his son's death as he was at the time of the hearing ($90 take home pay), the decedent was contributing at a minimum one-fourth of the money that came into the household each week (at least $30). The employer argues there was no testimony in the record as to need or dependency. This contention is without merit since need or dependency is obviously a reasonable inference which could be drawn from the evidence presented. "Dependence within the meaning of the Workmen's Compensation Law does not mean absolute dependency for the necessities of life, but rather that the claimed dependent looked to and relied upon the contributions of the employee, in whole or in part, as a means of supporting and maintaining himself." *Dykes v. Thornton*, 282 S.W.2d 451, 454 (Mo.1955).

The employer's principal assertion is that the language of the award of the Industrial Commission—that it was bound by Mrs. Craig's undisputed testimony that the decedent's payments were contributions for family support rather than for his room and board—was a misapplication of the law by the Commission. This argument is semantic rather than legal. The Commission was only bound by the evidence as any trier of fact is; that is, they hear the evidence, weigh it, judge its credibility, and draw reasonable inferences from it. The use of the word "bound" in the award, when read in context of the entire final award, seems to indicate that the Commission was trying to express that they could only make assumptions or inferences from evidence presented, and that the only evidence presented indicated that the money was for household expenses rather than room and board.

The Commission was aware that the referee, acting as a trier of fact, chose not to believe Mr. and Mrs. Craig and found that the money contributed by the deceased was for room and board. One must assume that the Commission was also aware that it had the same prerogative in acting as a trier of fact. It certainly didn't indicate that it was reversing the referee's decision as a matter of law because the referee was bound by the testimony presented. Rather, the Commission reversed the referee on his finding of fact that the Craigs were not partially dependent on the deceased. Even if the Commission erroneously believed it was bound by the testimony of Mr. and Mrs. Craig, the final award indicates that the same result would have been reached if the Commission had not thought it was bound by that evidence.

Judgment of the circuit court affirming the award of the Commission is affirmed.

All concur.