Amos L. LEWIS, Employee-Appellant,

v.

CITY OF LIBERTY, Missouri,
Employer-Respondent,

and

United States Fidelity and Guaranty
Company, Insurer-Respondent.

No. WD 31031.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Hines & Magee, L. R. Magee, Kansas
City, for employee-appellant.

Jackson & Sherman, P.C., Robert A. Bailey, Kansas City, for employer and insurer-respondents.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is a Workmen's Compensation case. A hearing before a referee (now administrative law judge) of the Division of Workmen's Compensation resulted in part in an award to the employee for permanent partial disability of 10% to the body as a whole. Employee's application for review before the Labor and Industrial Relations Commission resulted in a final award that employee had not sustained any permanent partial disability. The employee then appealed to the circuit court which affirmed the award of the Labor and Industrial Relations Commission. The case reaches this court on employee's appeal from the judgment of the circuit court affirming the judgment of the Labor and Industrial Relations Commission.

The genesis of the employee's claim was an accidental injury which arose out of and in the course of his employment as a police officer for the City of Liberty, Missouri. Briefly, the employee, while on duty as a motorcycle police officer, was involved in an accident with a motor vehicle. The crux of his claim for permanent partial disability was a back injury, namely, an alleged herniated disc at L5–S1 and a cervical sprain. The record is replete with evidence that the employee had complained of back problems prior to the date of the accident in question. By way of expert medical testimony, the employee relied upon the treating physician who was a "Board Certified Family Practitioner". Although the treating physician diagnosed "a herniated disc at L5–S1 and residual pain from a cervical sprain", resulting in "100% disability" insofar as the employee's "ability to do the work for which he was trained" was concerned, his diagnosis was measurably weakened by retractions and qualifications on cross-examination and a frank admission that he would defer his opinion to one given by a neurosurgeon or an orthopedic surgeon. On the other hand, a Board Certified Orthopedic Surgeon unequivocally testified on behalf of the employer and insurer that it was his opinion, based upon an examination of the employee, including certain tests and x-rays, that the employee had not suffered or sustained any injury or disability from the accident in question.

During the course of the hearing before the referee the testimony of an orthopedic surgeon offered by the employee by way of a deposition was rejected upon the employer and insurer's objection, that, among other grounds, "it was taken before a reporter who . . . [was] not certified in the State of Missouri as required by Missouri Statute and the Missouri Rules of Civil Procedure". The controversial deposition showed on its face that it was taken in Jackson County, Missouri, before and certified to by a Johnson County, Kansas, notary public. A notice to take the deposition, reciting that it was to be taken in Jackson County, Missouri, was served upon counsel for the employer and insurer. However, no one appeared on behalf of the employer and insurer for the taking of the deposition and a number of vague and inconclusive charges and countercharges erupted between counsel on both sides relative to whether the noticed deposition had been cancelled.

On appeal to this court the employee contends that (1) the award of the Labor and Industrial Relations Commission was "contrary to the greater weight of the competent and substantial evidence in the whole record", and "contrary to the law" in that it was predicated upon alternative bases, one being that the attending physician's testimony "did not stand up on cross-examination, and the other being that the testimony of the orthopedic surgeon offered by the employer and insurer "found no disability of any type", and (2) that the Labor and Industrial Relations Commission erred in refusing to consider the deposition of the orthopedic surgeon offered by the employee.

In workmen's compensation cases the court of appeals reviews the award of the Labor and Industrial Relations Commission, not the findings of the referee (now administrative law judge). *Craig v. Calvert,* 572 S.W.2d 235, 237 (Mo.App.1978); and *Begey v. Parkhill Trucking Co.,* 546 S.W.2d 529, 532 (Mo.App.1977). In addition to the standards of review set out in Section 287.490, RSMo 1978, Mo.Const. Art. V, § 22 (1945), now Art. V, § 18, as amended 1976, makes a broader review "the minimum standard" and requires that such awards be supported by "competent and substantial evidence upon the whole record". *Wood v. Wagner Electric Corporation,* 355 Mo. 670, 197 S.W.2d 647, 649 (1946); *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 53 (Mo.App.1975); and *Lawson v. Lawson,* 415 S.W.2d 313, 316 (Mo.App.1967). The scope of appellate review in workmen's compensation cases is summed up as follows in *Miller v. Sleight & Hellmuth Ink Co.,* 436 S.W.2d 625, 627–28 (Mo.1979): "The judicial review of a workmen's compensation case is of the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. The function of the court is to determine whether the Commission's findings, if supported by competent and substantial evidence, are contrary to the overwhelming weight of the evidence."

Portions of the findings contained in the award entered by the Labor and Industrial Relations Commission in this case deemed most pertinent to the issues on appeal are as follows: (a) the Labor and Industrial Relations Commission rejected, as did the referee, consideration of the deposition of the orthopedic surgeon offered by the employee; and (b) found that "[h]ere, where the employee's expert himself cast doubt on his opinion and where Dr. Lichtor finds no disability as a result of the accident, the Commission finds the employee has no permanent partial disability."

Attention now focuses upon the first aspect of employee's point (1)—that the award of the Labor and Industrial Rela-

tions Commission "was contrary to the greater weight of the competent and substantial evidence in the whole record". When the evidence in its entirety is juxtaposed with the obtaining standard of review it is patent that the award entered by the Labor and Industrial Relations Commission was unquestionably supported by "competent and substantial evidence upon the whole record" and was consistent with rather than contrary to the overwhelming weight of the evidence.

Attention next focuses upon the second aspect of employee's point (1)—that the award of the Labor and Industrial Relations Commission was "contrary to the law" in that it was predicated upon alternative bases, one being that the attending physician's testimony "did not stand up on cross examination" and the other being that the testimony of the orthopedic surgeon offered by the employer and insurer "found no disability of any type". This court is quick to admit that it has encountered considerable difficulty in perceiving the thrust of this aspect of point (1), as well as the argument tendered in its support. The argument centers upon a quote extracted from *Griggs v. A. B. Chance Company,* 503 S.W.2d 697, 704 (Mo.App.1973), to the effect that "the burden of proof rests on the claimant in a workmen's compensation proceeding, and it is not sufficient for recovery to show only that the injury complained of resulted either from one or the other of two causes, for one of which, but not the other, the employer would be liable." After doing so the employee appears to argue that an inverse application of this principle required a singular finding by the Labor and Industrial Relations Commission that the employee either suffered no permanent partial disability because his own medical witness "did not stand up on cross examination" or he suffered no permanent partial disability because the testimony of the orthopedic surgeon offered by the employer and insurer "found no disability of any type". The principle embodied in the quote abstractly lifted from *Griggs v. A. B. Chance Company, supra,* would have to be tortured beyond

recognition in order to be reconciled with the argument advanced by the employee. Moreover, this court does not agree with the employee's apparent contention that the evidentiary basis upon which the Labor and Industrial Relations Commission predicated its award was left in a state of equipoise and thereby rendered legally infirm. A fair, reasonable reading of the award clearly discloses that the Labor and Industrial Relations Commission concluded that the employee failed to carry his burden of proof when measured both by the weakness of his own medical evidence and the convincible strength of the medical evidence offered by the employer and insurer.

Employee's final point, that the Labor and Industrial Relations Commission erred in refusing to consider the deposition of the orthopedic surgeon offered by employee, raises a seldom encountered issue. Section 287.560, RSMo 1978, provides for the taking and use of depositions in workmen's compensation proceedings "in like manner as in civil cases in the circuit court". Rule 57 controls the use of depositions in civil cases in the circuit court, and, by reason of the plain, straightforward language used in Section 287.560, *supra*, controls their use in like manner in workmen's compensation proceedings. *Tillman v. Wedge Mobile Serv. Station*, 565 S.W.2d 653, 656 (Mo.App.1978). In particular, Rule 57.05(a) provides that "[w]ithin the State of Missouri, depositions shall be taken before an officer authorized by the laws of this State to administer oaths . . . ." When Rule 57.05(a), *supra*, is equated with the facts at hand, a deposition taken in Missouri before a Johnson County, Kansas, notary public, it is clear that the rule has not been complied with. The only thing that remains to be determined is the effect of such non-compliance. Neither of the parties has seen fit to provide this court with any case authority on this issue. This court's independent research turned up only a limited number of cases of ancient vintage confronting the validity of ostensibly official acts of notary publics performed beyond their territorial jurisdiction. In *Silver v. K. C., St. L. & C. Ry. Co.*, 21 Mo.App.

5 (1886), overruled on other grounds in *Hofheimer v. Losen*, 24 Mo.App. 652 (1887), it was held that the trial court properly suppressed depositions taken before a notary public acting outside the territorial limits for which he was commissioned. In *Byrd v. Cochran*, 39 Neb. 109, 58 N.W. 127 (1894), an affidavit attached to a mechanics' lien was held not to constitute competent evidence because it showed on its face that it was sworn to before a notary public acting beyond the territorial limits of his jurisdiction. In *Fairbanks, Morse & Co. v. Getchell*, 13 Cal.App. 458, 110 P. 331 (1910), an affidavit sworn to before a notary public acting outside the county for which he was appointed was held insufficient to support a writ of attachment. By reason of Rule 57.05(a), *supra*, and the case authorities heretofore cited, this court holds that the Labor and Industrial Relations Commission did not err in rejecting consideration of the deposition of the orthopedic surgeon offered by the employee. To hold otherwise this court would be put in the position of totally ignoring Rule 57.05(a), *supra*, and stripping it of all meaning and purpose. In an effort to validate the deposition, the employee makes a strained argument which exceeds its own breaking point. Making reference to the following language contained in Section 486.010, RSMo 1969 (in effect at the time the deposition was taken), "a notary public . . . may perform all the duties of such office in the county for which such notary public is appointed and in adjoining counties . . . ", the employee blithely argues that Johnson County, Kansas, adjoined Jackson County, Missouri, and therefore the notary who took the deposition was properly authorized to do so. This argument lacks persuasion and logic in equal degrees as it is obvious that Section 486.010, *supra*, bespeaks of notary publics appointed and commissioned by the Governor of the State of Missouri.

For the aforementioned reasons, the final award of the Labor and Industrial Relations Commission is affirmed.

All concur.