**Dee Dee CONRAD, Employee-Appellant,**

v.

**ROYAL BROKERAGE COMPANY, INC., Employer-Respondent,**

**and**

**Western Casualty and Surety Company, Insurer-Respondent.**

**No. WD 31214.**

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer
Denied Feb. 2, 1981.

Roger J. Staab, Kansas City, for employee-appellant.

George G. Allen, Jr., C. Duane Curtis, Kansas City, for employer-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is a workmen's compensation case. A hearing before a referee (now administrative law judge) resulted in an award of benefits to the employee premised upon physical injuries and "depressive neurosis" resulting from an accident arising out of and in the course of her employment. Employer's application for review before the Labor and Industrial Relations Commission resulted in a final award which, insofar as here pertinent, modified in part the award entered by the referee, namely, that employee was not entitled to any benefits for "depressive neurosis" because there was no causal connection between employee's "depressive neurosis" and the accident she sustained. The employee then appealed to the circuit court which affirmed the award of the Labor and Industrial Relations Commission. The case reaches this court on employee's appeal from the judgment of the circuit court.

■ In workmen's compensation cases the court of appeals reviews the award of the Labor and Industrial Relations Commission, not the findings of the referee (now administrative law judge). *Lewis v. City of Liberty*, 600 S.W.2d 677, 679 (Mo.App.1980); *Craig v. Calvert*, 572 S.W.2d 235, 237 (Mo. App.1978); and *Begey v. Parkhill Trucking Co.*, 546 S.W.2d 529, 532 (Mo.App.1977).

On appeal to this court the employee contends that the Labor and Industrial Relations Commission's finding that there was no causal connection between employee's "depressive neurosis" and the accident she sustained was against the overwhelming weight of the evidence. Employee's single point on appeal, by its very nature, is inextricably bound to the scope of appellate review in workmen's compensation cases. As summed up in *Miller v. Sleight & Hellmuth Ink Co.*, 436 S.W.2d 625, 627–28 (Mo. 1969): "The judicial review of a workmen's compensation case is of the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. The function of the court is to determine whether the Commission's findings, if supported by competent and substantial evidence, are contrary to the overwhelming weight of the evidence."

■ The following principles set forth in *Vollmar v. Board of Jewish Education*, 287 S.W.2d 868, 872 (Mo.1956), is highly relevant at this juncture: "Where the ultimate question upon which the right to compensation depends largely resolves itself into which of two conflicting medical or scientific theories should be accepted, such issue is peculiarly for the determination of the Industrial Commission." Summarized to the core, in this case there was medical evidence on the one hand that the accident "activated" a preexisting dormant "depressive neurosis", and medical evidence on the other hand that there was no causal connection between employee's "depressive neurosis"

and the accident. Employee erroneously posits her appeal on a selective, biased view of the medical evidence to the exclusion of all contra medical evidence.

 When all the evidence in this case is juxtaposed with the obtaining standard of appellate review in workmen's compensation cases and the above principle set forth in *Vollmar v. Board of Jewish Education, supra*, it is patent that the award entered by the Labor and Industrial Relations Commission was supported by "competent and substantial evidence" upon the whole record and was not against the "overwhelming weight" of the evidence. Consequently, there is no merit to employee's appeal.

Judgment affirmed.

All concur.