COMMODITY TRADERS, INC., A NEBRASKA CORPORATION, APPELLEE, V. STEVEN G. FINN, APPELLANT.

487 N.W.2d 297

Filed April 7, 1992.    No. A-89-1385.

James Walter Crampton for appellant.

David J. Lanphier, Larry J. Steier, and David G. Wilwerding, of McGill, Parsonage & Lanphier, P.C., for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN and WRIGHT, Judges.

WRIGHT, Judge.

After a check written by the defendant-appellant, Steven G. Finn, was dishonored, the plaintiff-appellee, Commodity Traders, Inc., filed a petition seeking judgment against Finn. Summary judgment was granted for Commodity Traders, and this appeal followed.

Finn wrote a check for $20,000 drawn on the Nebraska National Bank on March 8, 1989, payable to Commodity Traders. The check was presented for payment and dishonored by a stop payment order. Commodity Traders brought this action, alleging that it was the holder of the check and seeking a judgment of $20,000, plus interest and costs. The petition was filed on May 5.

On August 1, 1989, Finn filed his answer, in which he admitted Commodity Traders' allegations that he was the maker-drawer of check No. 485 drawn on Nebraska National Bank on March 8 for $20,000 and that a true and correct copy of the check was attached to the petition. He also admitted that he had stopped payment on the check. Finn denied the plaintiff's allegation that he had issued the check in payment of or as security for an antecedent obligation.

Commodity Traders filed its reply on August 4, 1989, and on August 17 filed a motion for summary judgment. In support of the motion, Commodity Traders filed an affidavit, which stated that the company had made demand for payment of the $20,000, that more than 90 days had elapsed since the demand was made, and that the defendant had failed, neglected, and refused to make any payment. The affidavit stated its venue as "State of Florida, County of Douglas," but it was notarized by Kimberly F. Preston, a general notary of the State of Nebraska.

On August 21, 1989, Finn filed a motion for leave to amend his answer, but no copy of a proposed amendment was attached to the motion and no affidavit in support of the motion to amend was filed. There is no record of the court's ruling on the motion.

Commodity Traders' motion for summary judgment was heard on September 18, 1989. Finn objected to Commodity Traders' affidavit because it indicated that it was made in the "State of Florida, County of Douglas." The court overruled

that objection.

Commodity Traders objected to an affidavit offered by Finn which attempted to raise an affirmative defense that had not been pleaded earlier. The objection was sustained, and the trial court held that Finn's answer merely denied Commodity Traders' allegations and did not raise any affirmative defenses and that the affidavit was filed the day of the hearing and not prior to the day of the hearing, as provided by Neb. Rev. Stat. § 25-1332 (Reissue 1989). The court sustained Commodity Traders' motion for summary judgment on October 23, 1989, and Finn appealed. We affirm.

We address the assignments of error in the order set forth in Finn's brief.

## VALIDITY OF AFFIDAVIT

Finn argues the affidavit supporting plaintiff's motion for summary judgment was invalid because the venue was stated as "State of Florida, County of Douglas." The notary seal indicates that the affidavit was sworn to in Nebraska. The trial court found there is a presumption that a notary has not violated the law and has acted within his or her jurisdiction. 3 Am. Jur. 2d *Affidavits* § 14 (1986). The court found that the notary seal prevails over the typed name of the state, "which appears to be nothing more than a scrivener's error."

The case cited by Finn, *Byrd v. Cochran*, 39 Neb. 109, 58 N.W. 127 (1894), is readily distinguished. In *Byrd*, the venue stated on the affidavit was "State of Nebraska, Webster County," while the jurat and seal referred to "Douglas County." At that time, a notary was only authorized and empowered to act within the county for which the notary was appointed and commissioned. Because the affidavit was signed in Webster County and the notary seal was valid only in Douglas County, the affidavit was invalid. Today, a general notary public is authorized to act as a notary public anywhere within the State of Nebraska. Neb. Rev. Stat. § 64-101(4) (Reissue 1990).

In proceedings where the statutes embodying the rules of evidence apply, the admission of evidence is controlled by rule and not by judicial discretion, except where judicial discretion

is a factor involved in assessing admissibility. *State v. Timmerman*, 240 Neb. 74, 480 N.W.2d 411 (1992); *State v. Schwartz*, 239 Neb. 84, 474 N.W.2d 461 (1991). There was no abuse of discretion in admitting the affidavit in support of Commodity Traders' motion for summary judgment.

## AMENDMENT OF ANSWER

Finn's second complaint is that the trial court erred in not permitting him to amend his answer before the hearing on the motion for summary judgment. The petition was filed May 5, 1989, and the defendant answered August 1. The motion for summary judgment was filed August 17, and the hearing was set for September 18. Finn filed a motion for leave to amend his answer, but did not include a copy of his proposed amendment, and there is no indication that the proposed amendment was provided to the trial court.

Neb. Rev. Stat. § 25-811 (Reissue 1989) provides that an answer shall contain a general or specific denial of each material allegation in the petition and "a statement of any new matter constituting a defense, counterclaim or setoff, in ordinary and concise language, and without repetition." Here, Finn did not cite any defenses in his original answer and sought to add them later by amendment. Amendments may be allowed by the court "either before or after judgment, in furtherance of justice . . . when the amendment does not change substantially the claim or defense . . . ." Neb. Rev. Stat. § 25-852 (Reissue 1989). A supplemental pleading may also be allowed by the court if the pleading "alleg[es] facts material to the case, occurring after the former petition, answer or reply." Neb. Rev. Stat. § 25-856 (Reissue 1989). Finn's proposed amendment did not meet these statutory requirements, as it could have substantially changed the defense, and it did not purport to allege material facts which occurred after the initial answer was submitted.

Finn offered no evidence that his affirmative defense was newly discovered, and he provided no reason why the defense could not have been pleaded in the original answer. In *Yunghans v. O'Toole*, 199 Neb. 317, 258 N.W.2d 810 (1977), the court stated that there was nothing in the record to indicate that any

of the proposed defenses were newly discovered and that the proposed amended answer appeared to be a belated effort to inject some issues of material fact into a proceeding where none had previously been pleaded.

Permission to amend pleadings is addressed to the discretion of the trial court, and in the absence of an abuse of discretion, the trial court's decision will be affirmed. *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984).

## SUMMARY JUDGMENT

Finn contends the trial court erred in sustaining Commodity Traders' motion for summary judgment. His argument is based on the contention that he raised a genuine issue of material fact by denying the plaintiff's allegation that the check was given in payment of or as security for an antecedent debt.

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Flynn v. Bausch*, 238 Neb. 61, 469 N.W.2d 125 (1991).

We find that the question of whether the check was issued as security for or in payment of an antecedent debt need not be reached because the case is governed by the Uniform Commercial Code. Neb. U.C.C. § 3-307(1) (Reissue 1980) provides that unless specifically denied in the pleadings, each signature on an instrument is admitted, and under § 3-307(2), when the signatures are admitted or established, the production of the instrument entitles the holder to recover on it unless the defendant establishes a defense. *Center Bank v. Mid-Continent Meats, Inc.*, 194 Neb. 665, 234 N.W.2d 902 (1975).

Finn's original answer admitted the allegations in plaintiff's petition that Finn was the maker-drawer of check No. 485, which was drawn on Nebraska National Bank, dated March 8, 1989, and written in the amount of $20,000 and that a true and

correct copy of the check was attached as exhibit A. By admitting that the copy of the check was true and correct, Finn also admitted that the signatures on it were authentic. The production of the check entitled the plaintiff, as the holder, to recover unless Finn established a defense, which he failed to do.

The U.C.C. provisions place the burden of pleading and proving defenses to a negotiable instrument on the party attempting to avoid liability on the instrument. *S.I.D. No. 32 v. Continental Western Corp.*, 215 Neb. 843, 343 N.W.2d 314 (1983). In the case at bar, Finn failed to carry this burden.

Taking the view of the evidence most favorable to Finn and giving him the benefit of all favorable inferences which may reasonably be drawn from the evidence, we determine that summary judgment was properly granted.

The judgment of the trial court is affirmed.

AFFIRMED.