OLIVE J. HURSTE, APPELLANT, V. D. W. HOTALING, IMPLEADED WITH CHARLES V. HURSTE ET AL., APPELLEES.

1. **Attorney:** APPEARANCE. When proceedings in partition were instituted by an attorney in this state, who received his authority from another attorney residing in another state, who claimed to have been employed by the plaintiff, but which authority she denied, *Held*, There being no proof of knowledge of the pendency of the proceedings on the part of the plaintiff, or proof of authority to bring the action, sale under the partition would be set aside.

2. **Dower:** DOWER INTEREST INSUFFICIENT TO AUTHORIZE PARTITION. In this state a widow is entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized, of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof. A mere dower interest is not sufficient to authorize the person entitled thereto to institute a suit in partition and cause the estate of the heirs to be sold.

APPEAL from Johnson county district court. Heard below before BROADY, J.

*S. P. Davidson,* for appellant.

An attorney cannot prove his authority to appear for a party by a letter from a third party, even though an attorney, asking him to appear. *Westbrook v. Blood,* 50 Mich., 443; S. C., 15 N. W. Rep., 544. The burden of proof is on the attorney to show that he was authorized to appear. *State Bank v. Green,* 8 Neb., 307; S. C., 1 N. W. Rep., 210. Where a plaintiff has not authorized the institution of a suit, the entire proceedings are void. *McDowell v. Gregory,* 14 Neb., 36; S. C., 14 N. W. Rep., 899; *Clark v. Willett,* 35 Cal., 534, 539; *Frye v. Calhoun Co.,* 14 Ill., 132; *Savery v. Sypher,* 6 Wall., 159.

*Appleget & Son,* for appellee.

MAXWELL, CH. J.

A petition purporting to have been signed by the plaintiff, was filed in the district court of Johnson county, in October, 1885, in which it is alleged that on the first day of March, 1880, one A. H. Hurste died, seized of the northwest quarter of section twenty-four, in township No. 4, range 10 east, in said county, and left as his only heirs, his widow, the plaintiff herein; Charles V. Hurste, aged 12 years; J. B. Hurste, aged 9 years; S. S. Hurste, aged 6 years; and A. H. Hurste, aged 5 years, his children; that he died intestate, and each of said children owns the undivided one-fourth of said land, subject only to the plaintiff's dower interest therein; that said land is uncultivated, and plaintiff is the mother of said children, who are made defendants; and the prayer of the petition is that plaintiff's dower interest in said lands may be set off to her, and if the same cannot be done without manifest injury, then that the said lands may be sold, and that plaintiff's dower interest be found by the court and assigned her in cash; and if, in the opinion of the court, the same cannot be done, then that this court will order that so much of the proceeds of such sale as may be found due her as dower be placed at interest by this court, and the proceeds thereof be decreed to be her interest in said lands; and for such other and further relief as in the opinion of the court may be just and equiable.

Afterwards, C. K. Chamberlain, having been appointed guardian *ad litem* for the minor defendants, after service was made on them by publication, filed his answer and cross petition on November 17, 1885, in which he admits the substantial allegations of the petition, and prays for judgment confirming the shares of the parties herein as above set forth, and partition of said real estate according to the respective rights of the parties therein; or if the same cannot be equitably divided, that said premises may be sold

and the proceeds thereof be divided between the parties so interested according to their respective rights, and for such other and further relief as to this court may seem just.

Referees were appointed, who reported that the land could not be divided without great prejudice to the owners, and the court being satisfied with said report, caused an order to be entered directing the referees to sell the premises, and also to fix the terms of sale. A sale of said land was thereupon made, and the land sold to the defendant. The plaintiff filed a motion to set the sale aside, and supported the same by the following affidavit:

" That she is the Olive J. Hurste whose name has been used as plaintiff in said cause; that she never employed any one to institute said suit, never authorized any one to employ any one to do so; that her name has been used as plaintiff entirely without her knowledge or consent; that she does not want, and never has wanted, her dower set off or in any way taken out of said land; that defendants in said cause are all minors, and are living with and being cared for by her; that she does not need the proceeds of the sale of the land to pay for the care, board, clothing or education of said minors; that it will be best for the interest of said minors and herself to retain said land undivided; that said land is worth more than $2,000; that she has been recently offered that sum for it; that she never knew said suit was brought in her name as plaintiff until long after decree had been entered, and she does not consent to be bound by it or any of the proceedings therein."

The motion to set aside the sale was overruled, and on motion of said defendant—the purchaser—the sale was confirmed. The attorney who instituted the proceedings in this state was employed by an attorney in Pennsylvania, near where the plaintiff resides. None of the business was transacted directly with the plaintiff, and there is no satisfactory evidence that she was aware that the proceedings in question were pending. Had she been aware of

the pendency of such proceedings, and made no objection, it would now be too late to object; but the proof fails to show such knowledge. The authority of the attorney in this case to institute proceedings being denied, there being no sufficient proof either of employment or that the plaintiff knew of the pendency of the action, the motion to set aside the sale must be sustained.

2. In the argument of this case no objection was made to the authority of the plaintiff to bring or maintain the action. It will be observed that the petition alleges that the land in question belongs to certain *heirs*, the children of plaintiff, and is "subject only to the plaintiff's dower interest therein." The prayer is "that plaintiff's dower interest in said lands may be set off to her, and if the same cannot be done without manifest injury, then that said lands may be sold and that plaintiff's dower interest be found by the court and assigned to her in cash," etc.

Sec. 1, Chap. 23, Comp. St., provides that: "The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seized, of all estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

Sec. 8 provides the manner in which dower may be assigned, which is to be "by metes and bounds when it can be done without injury to the whole estate."

Sec. 10 provides that: "When the estate out of which dower is to be assigned consists of a mill or other tenements, which cannot be divided without damage to the whole, and in all cases where the estate cannot be divided by metes and bounds, the dower may be assigned of the rents, issues, and profits, to be had and received by the widow as a tenant in common with the owners of the estate."

Sec. 802 of the Code provides that: "All tenants in common, or joint tenants of any estate in land, may be compelled

to make or suffer partition of such estate or estates in the manner hereinafter provided."

The controlling principle in partition, therefore, without regard to the extent or quantity of the interest, is that the parties shall be joint tenants or tenants in common of an estate in the land. Subsequent sections of the statute permit, if they do not require, other persons having particular, qualified, or reversionary interests, such as a tenant for years, in dower, or persons having liens on the land, to be brought in, in order that their rights may be determined in the action. Only joint tenants or tenants in common of an estate in the land, however, can institute the proceedings.

In *Woods v. Clute,* 1 Sandf. Ch., 201, the court, in speaking of tenants for years, by the courtesy or in dower, persons entitled in reversion or remainder, and creditors having liens, says: "These may be made parties to the partition, but there appears to be no authority for their instituting it, unless they are also tenants in common in possession."

And in *Coles v. Coles,* 15 Johns., 319, the right of a widow to proceed under the statute for the partition of lands to have her dower assigned was denied.

A tenant in dower who has no interest in the land itself, but has the mere "use during her natural life of one-third part of all the lands whereof her husband was seized," etc., would appear to have no such interest in the land itself as to cause its partition and sale. The principle of partition is to set off in severalty to each owner such portion of the estate as he is entitled to, and a sale is ordered only where such division cannot be made without serious injury to the property. But one who has no estate in the land itself has nothing therein to be apportioned as a part of the estates although, where partition is made in a proper case, the interest of the tenant in dower and other persons having a claim on the land will be protected. The petition fails to show any right of the plaintiff to institute the proceedings,

and is entirely insufficient. The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.

THE other judges concur.