MARGARET E. DIXON, APPELLEE, v. DOROTHY DIXON ET AL., APPELLANTS, IMPLEADED WITH HARVEY E. WILSON, APPELLEE.

202 N. W. 2d 180

Filed November 10, 1972. No. 38449.

O'Hanlon & Martin, for appellants.

Nicholas J. Lamme of Yost, Schafersman, Yost & Lamme, for appellee Dixon.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action for partition brought by Margaret E. Dixon, a life tenant, against remaindermen. The defendants appeal from a judgment ordering partition of the property.

The petition alleged that Curtis L. Dixon died testate on February 28, 1967; that at the time of his death he was the owner of a 240-acre tract of farmland in Washington County, Nebraska; that the will of the deceased, which was admitted to probate, devised the property to Margaret E. Dixon, his widow, the plaintiff, for her life or until she remarries, the remainder to Dorothy Dixon, Gerald R. Dixon, and Maxine Smith; that the property was not the homestead of the deceased and his widow; and that the plaintiff had not remarried. The defendants are the remaindermen, their spouses, and a tenant under a written lease.

The defendants' general demurrer to the petition was overruled by the trial court. The defendants then answered; the facts were stipulated; and a judgment was entered ordering partition. The issue presented by the appeal is whether a sole life tenant may compel partition of the property over the objections of the remaindermen.

The purpose of a partition action is to divide a jointly owned interest in property so that each owner may enjoy and possess in severalty. Hartman v. Drake, 166 Neb. 87, 87 N. W. 2d 895. The original purpose was to permit cotenants to avoid the inconvenience and dissension arising from the sharing of the joint possession of the land. Simes and Smith, The Law of Future Interests, § 1764, p. 88.

Section 25-2170, R. R. S. 1943, provides: "The petition must describe the property, and the several interests and estates of the several joint owners, or lessees

thereof, if known. All tenants in common, joint tenants, or lessees of any estate in land or interest therein, or of any mineral, coal, petroleum, or gas rights, may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed."

Section 25-2170.01, R. R. S. 1943, provides: "Any joint owner of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas rights, whether held in fee or by lease or otherwise, may compel a partition thereof in the manner provided in sections 25-2170 to 25-21,111."

The statute refers to *joint ownership* of the property to be partitioned. The plaintiff contends that as the sole life tenant she is a joint owner of the property. The defendants contend that the plaintiff is not a joint owner of the property because her estate or interest is not concurrent with that of any of the defendants.

The precise question does not appear to have been decided in any previous case before this court. There are, however, statements in some of our decisions which bear on the question. In Hurste v. Hotaling, 20 Neb. 178, 29 N. W. 299, this court said, in referring to section 802 of the Code of Civil Procedure (now section 25-2170 as amended), that only joint tenants or tenants in common of an estate in the land may bring an action for partition. In Shearon v. Goff, 95 Neb. 417, 145 N. W. 855, the opinion states that a life tenant cannot compel a remainderman to submit to partition. The statement is criticized in Weddle v. Specht, 97 Neb. 693, 151 N. W. 160, as obiter dictum and contrary to the statute as applied to the owner of an interest in fee.

In Nitz v. Widman, 106 Neb. 736, 184 N. W. 172, the plaintiff was a life tenant in 40 acres of a 629-acre tract in which the testator had owned a half interest, the remainder to her children. She brought the action for partition in her own behalf and as next friend of her minor children. This court held that because the plaintiff *was a tenant in common* with the defendant whose

interest was owned in fee simple, she was entitled to bring the action.

The applicable rule is stated in Simes and Smith, The Law of Future Interests, § 1769, p. 100, as follows: "Partition involves primarily the idea of a severance of concurrent ownership, not the severance of successive ownerships. Certainly the common-law notion is that the parties are to be permitted to enjoy the possession in severalty; but it does not include a mere severance of title, where joint possession or enjoyment is not involved. And, if the applicable partition statute gives the power to partition only to possessory owners, it seems clear that the statutory provision for partition still, in the main, proceeds upon this common-law doctrine. Thus, if Blackacre is given to A for life, with reversion or remainder to B in fee, A cannot succeed in an action for partition as against B."

. Similar statements of the rule are found in American Law of Property: "As partition can be had only between cotenants, it goes without saying that partition cannot be had between owners in severalty of successive estates such as a life tenant and a reversioner or remainderman in fee." Vol. II, § 6.23, p. 101; and "Partition means a severance of interests which to some extent at least are concurrent. It refers to such types of co-ownerships as tenancies in common and joint tenancies. It is true that, if land is conveyed to A for life, remainder to B in fee, A and B have interests in the same land, and in a sense may be said to be co-owners. But it is not the sort of co-ownership to which partition has been applied. This is doubtless true of partition under chancery rules, and it is true of the statutes on partition, with one exception, in all the states. * * * In California, the partition statute does provide for a partition where a life estate and remainder are each held in severalty." Vol. I, § 4.96, p. 568. To the same effect, see, Restatement, Property, § 126, p. 398; Restatement, Property, § 172, p. 665.

The plaintiff in this case owns a life estate in the entire property. She owns no other interest in the property. She is not a cotenant or joint owner with any other person. She has no right to compel a partition of the property over the objections of the remaindermen. The demurrer of the defendants should have been sustained and the action dismissed. It is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.