KATHRYN M. YUNGHANS ET AL., APPELLEES, V. JAMES P. O'TOOLE, APPELLANT, IMPLEADED WITH PAWNEE COUNTY BANK, PAWNEE CITY, NEBRASKA, ET AL., APPELLEES.

258 N. W. 2d 810

Filed October 26, 1977.   No. 41104.

Griffiths & Gildersleeve, for appellant.

Richard R. Endacott of Knudsen, Berkheimer, Endacott & Beam, for appellees Yunghans.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.
The plaintiff, Kathryn M. Yunghans, brought this action against the defendant, James P. O'Toole, her brother, to partition 560 acres of farmland in Pawnee County, Nebraska.  Kathryn's husband, Robert Yung-

hans, was joined as a plaintiff solely because of the marital interest. The District Court sustained plaintiffs' motion for summary judgment, and entered judgment that plaintiff Kathryn M. Yunghans and her brother were owners of the real estate as joint tenants with right of survivorship and not as tenants in common, and that plaintiff Kathryn Yunghans had the right to have the real estate partitioned equally between her and the defendant. The defendant has appealed.

In the summer of 1973 plaintiffs filed this partition action alleging that plaintiff Kathryn Yunghans and the defendant were joint owners of the real estate by virtue of a warranty deed dated November 6, 1958, conveying the property to them "as joint tenants and not as tenants in common with right of survivorship." A copy of the deed was attached to the amended petition. Some 2 years later, after numerous preliminary motions, the defendant filed his answer generally denying plaintiffs' allegations and alleging that if the plaintiff, Kathryn Yunghans, had an ownership in the real estate, it was subject to an indestructible right of survivorship of the defendant which could not be destroyed or nullified without defendant's consent. Plaintiffs filed an amended motion for summary judgment on the ground that the pleadings showed that there was no genuine issue as to any material fact, and that plaintiffs were entitled to judgment as a matter of law partitioning the real estate equally between Kathryn M. Yunghans and James P. O'Toole. Hearing on the motion for summary judgment was held on February 11, 1976, and the court took the matter under advisement.

On March 26, 1976, while the court had the motion for summary judgment under advisement, the defendant filed a motion for leave to file an amended answer. The proposed amended answer alleged that defendant had paid the entire consideration for the purchase of the real estate; that inclusion of plaintiff

Kathryn M. Yunghans' name was through misunderstanding and error; and that any title plaintiffs may appear to have by reason of the deed was held, if at all, in trust for the defendant. It also alleged that defendant had claimed and exercised the sole and exclusive ownership and possession of the real estate. The amended answer also alleged that defendant's right of survivorship was indestructible without defendant's consent and demanded that defendant's right of survivorship be preserved.

On May 14, 1976, the trial court held a hearing on defendant's motion for leave to file the proposed amended answer and denied the motion. The District Court then granted plaintiffs' motion for summary judgment and entered judgment that plaintiff, Kathryn M. Yunghans, and defendant, James P. O'Toole, were owners of the real estate as joint tenants with right of survivorship and not as tenants in common; and that plaintiff, Kathryn M. Yunghans, had the right to have the real estate partitioned equally between them.

The defendant contends that plaintiffs' motion for summary judgment should have been construed and treated as a motion for judgment on the pleadings, and that the District Court erred in denying defendant's oral motion for a continuance at the hearing on the motion.

The evidence offered and received at the hearing on the motion for summary judgment was a certified copy of the 1958 warranty deed conveying the land to "James P. O'Toole and Kathryn M Yunghans as joint tenants and not as tenants in common with right of survivorship." The defendant objected to the introduction of any evidence at the hearing on the ground that he construed plaintiffs' motion for summary judgment as a motion for judgment on the pleadings, and that he did not anticipate the introduction of evidence.

Section 25-1332, R. R. S. 1943, requires a motion for

summary judgment to be served at least 10 days before the time fixed for hearing and grants the adverse party the right to serve opposing affidavits prior to the day of hearing. The section specifically provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The title of the amended motion for summary judgment was specific and unambiguous and the body of the motion is phrased in almost the exact language of the summary judgment statute. The motion specifically stated that "the pleadings show that there is no genuine issue as to any material fact and that the Plaintiffs are entitled to judgment as a matter of law." There can be no serious doubt that the motion was a motion for summary judgment rather than a motion for judgment on the pleadings. The primary purpose of the summary judgment statute is to pierce sham pleadings and to dispose of those cases where there is no issue of fact or defense without the necessity, expense, and delay of trial. See Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152.

The amended motion for summary judgment was served and filed on January 9, 1976. On January 27, 1976, the District Court, on its own motion, ordered that "plaintiffs' Motion for Summary Judgment" be set for hearing on February 11, 1976. The amended motion for summary judgment was served on the defendant's counsel and the order of the court setting that motion for hearing was also served on him. That was sufficient to put the defendant and his counsel on notice as to the nature of the proceedings, and that is all the statutes require. See §§ 25-910 and 25-1330 to 25-1336, R. R. S. 1943.

The defendant also contends that the District Court

abused its discretion in denying defendant's oral motion for a continuance of the hearing on February 11, 1976, on the ground that the defendant was surprised at the court's interpretation of the plaintiffs' motion for summary judgment. In response to defendant's contention that the motion for summary judgment was actually a motion for judgment on the pleadings and that defendant was, therefore, surprised, the District Court said: "* * * I cannot believe that counsel would not be aware of the fact that if he did not prevail on that issue that the matter would move forward on the Motion for Summary Judgment in the normal manner."

Counsel cannot rely solely upon his own interpretation of an opponent's motion and ignore the possibility that the court may rule against that interpretation and counsel may be required to proceed. It is the duty of counsel to prepare for that possibility and his failure to do so does not require that a continuance be granted. A motion for a continuance is addressed to the sound discretion of the court, and, in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal. Korte v. Betzer, 193 Neb. 15, 225 N. W. 2d 30.

The defendant's underlying contention throughout this litigation has been that there should be a distinction between a grant in "joint tenancy" and a grant in "joint tenancy with right of survivorship," and that the addition of the words "with right of survivorship" indicates an intention to make the survivorship right indefeasible. As early as 1913 this court declined to make such a technical distinction because such a rule would only invite confusion and create havoc with existing deeds. Sanderson v. Everson, 93 Neb. 606, 141 N. W. 1025. Once joint title in real estate has been established, partition may be had as a matter of law. See, §§ 25-2170 and 2170.01,

R. R. S. 1943; Dixon v. Dixon, 189 Neb. 212, 202 N. W. 2d 180.

This court has very recently decided the basic issue adversely to the defendant. Joint tenancy may be terminated or severed by any act which destroys one or more of its unities, and may also be severed by the act of joint tenants in destroying unity of possession, as by partition. A joint tenant's act which destroys one or more of the coexisting unities necessary to existence of joint tenancy operates as a severance of the joint tenancy and extinguishes the right of survivorship. Cofer v. Perkins, *post* p. 327, 258 N. W. 2d 807. That case is controlling here.

Finally, the defendant contends that the District Court abused its discretion in refusing to allow the defendant to amend his answer after the motion for summary judgment had been argued and submitted. The motion for summary judgment was submitted on February 11, 1976, and the defendant's motion for leave to file the proposed amended answer was not filed until March 26, 1976, approximately 6 weeks later. The additional "facts" alleged in the proposed amended answer were that defendant had paid the entire consideration for the property; Kathryn M. Yunghans' name as grantee had been included in the deed by error; that her ownership interest in the property, if any, was held in trust for the defendant; that she was not in possession of the property and was not entitled to bring the action; and that the cause was barred by the statute of limitations.

There is nothing in the record to indicate that any of those proposed defenses were newly discovered or that counsel had not been aware of their existence for the more than 2½ years the action had been pending. The proposed amended answer appears to be a belated effort to inject some issues of material fact into a proceeding where previously the plead-

ings revealed none. The grant or denial of a motion to amend the pleadings in the furtherance of justice rests in the sound discretion of the trial judge. Stungis v. Union Packing Co. of Omaha, Inc., 196 Neb. 126, 241 N. W. 2d 660. In the absence of some mitigating factors which would justify the raising of new issues by a party after a motion for summary judgment has been heard and submitted, it is not an abuse of discretion to deny a motion to amend pleadings. See Ogallala Fertilizer Co. v. Salsbery, 186 Neb. 537, 184 N. W. 2d 729. There was no abuse of discretion here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.