VIRGINIA JOYCE WILLIAMS, TRUSTEE OF THE ESTATE OF MICHELLE ANN WILLIAMS, A MINOR, ET AL., APPELLEES, v. NEBRASKA WESLEYAN UNIVERSITY ET AL., APPELLEES, STEVEN STANLEY ET AL., APPELLANTS.

332 N.W.2d 694

Filed April 21, 1983. No. 82-019.

Richard L. Halbert, for appellants Stanleys.

Pierson, Ackerman, Fitchett & Akin, for appellees Virginia and Robert Williams.

Lantzy & Parsons, for guardian ad litem.

BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

Boslaugh, J.

This is an action to partition an 80-acre tract of farmland located in Richardson County, Nebraska. In 1947 the property was conveyed by Allie M. Spivey, its then owner, subject to a life estate in the grantor, to "Ellenore M. Williams, for her use and enjoyment during her natural life with remainder at her death to her son, Robert Lewis Williams, for his use and enjoyment, as hereafter limited, during his natural life and with remainder at his death in fee simple title in equal shares to the issue of his body then living, provided and upon condition that if there shall be no such issue, then such remainder at his death shall go in fee simple title to Nebraska Wesleyan University, at Lincoln, Nebraska, to be sold by said University, and the proceeds used in the construction of some useful building for school purposes as a memorial to my late husband, J. F. Spivey, and provided and upon condition further that said Robert Lewis Williams shall not convey, mortgage or encumber his said life estate, and Nancy Jane Schmelling, of Kearney, Nebraska, hereby constituted his trustee of income from said real estate, shall collect and hold such income and shall distribute to him such part thereof as she shall determine his needs require until he shall attain the age of twenty-five (25) years, and thereafter such part thereof, but not less than one-half of such income, as she shall determine his needs require until he shall attain the age of thirty (30) years, at which time she shall turn over to him any balance, and said trusteeship shall terminate, and provided that any successor trustee shall have like powers, and shall not be related by blood or marriage to said Robert Lewis Williams."

The grantor and Ellenore M. Williams are deceased. The plaintiff Robert Lewis Williams, now 40 years of age, is the present life tenant. He is married to Virginia Joyce Williams. They have two minor daughters, Michelle Ann Williams, 16 years of

age, and Christina Ellenore Williams, 15 years of age. Virginia Joyce Williams, as trustee of the estate of the minor children, and as their next friend, appears as a plaintiff in the action.

The defendants are Nebraska Wesleyan University; all persons having or claiming any interest in the property, real names unknown; and Steven Stanley, Pamela Stanley, his wife, and Delpha Stanley, lessees of the property.

On July 2, 1981, the trial court appointed Simon Lantzy as guardian ad litem for the minor Williams children. Upon the motion of the guardian ad litem the children were stricken as party plaintiffs and the guardian ad litem authorized to intervene in their behalf and file an answer. The guardian ad litem filed an answer on behalf of the minor children, objecting to the partition of the property and alleging that there was no necessity for a partition of the property and that it was in the best interests of the minor children that the property not be partitioned.

The trial court found that the best interests of the minor children would be served by a partition and sale of the real estate, and granted partition. A referee was appointed, and in the event of a sale distribution of proceeds was to be made as follows:

"A. Costs and fees, to be determined by the Court, shall be paid from the gross sale proceeds.

"B. A sum in gross determined to be equivalent to the value of the life estate, subject to the other payments required by this decree, shall be set off to the life tenant from the net sale proceeds.

"C. The refund due the tenants in possession upon a sale of the real estate shall be deducted and paid from the value of the life estate.

"D. The amount due Nebraska Wesleyan University upon a sale of the real estate shall be deducted and paid from the value of the life estate.

"E. As proposed by the life tenant, a sum shall be deducted and paid from the value of the life estate, into a trust to be established for the benefit of the

remaindermen, whether presently living or unborn. The principal and income shall be used to purchase life insurance on the life of the life tenant. The amount of insurance will be determined by this Court and will approximate the value of the life estate.

"F. The balance, after deducting the value of the life estate, shall be paid into a trust to be established for the benefit of the remaindermen, whether presently living or unborn, to be invested until distributed to those then entitled to take, upon the death of the life tenant."

The guardian ad litem and the tenants have appealed. The tenants have no interest in the property other than that provided in a written lease dated April 11, 1979. The lease is a 14-year lease for $14,000, all of which was paid during the first year of the lease. The lessor, Robert Williams, is required to pay the real estate taxes which now amount to approximately $800 annually. In the event of a sale of the property the lessees are entitled to a pro rata refund of prepaid rent plus interest.

A life tenant cannot compel partition of real estate over the objection of remaindermen. *Dixon v. Dixon,* 189 Neb. 212, 202 N.W.2d 180 (1972). See, also, *Weddingfeld v. Weddingfeld,* 109 Neb. 729, 192 N.W. 227 (1923). Here, the remaindermen were minors and objection to partition was made in their behalf by the guardian ad litem.

The controlling principle in this situation was stated in *Miller v. Lanning,* 211 Ill. 620, 622, 71 N.E. 1115, 1116 (1904), as follows: "When a court of equity is called upon by a bill to partition lands in which infants are interested, it is the duty of the chancellor to ascertain whether the partition will result beneficially to such infants or to their detriment, and if it is found that it will not be for their best interests, partition should be denied. *Ames v. Ames,* 148 Ill. 321 [36 N.E. 110]; *Hartmann v. Hartmann,* 59 id. 103."

Robert Williams, the life tenant and father of the children who are the remaindermen, has proposed a scheme whereby the net proceeds from the sale of the property would be divided between the life tenant and the remaindermen upon the basis of an actuarial computation of the value of the life estate. The share of the remaindermen would be held in trust until the death of the life tenant. Payments to satisfy the claims of the tenants and Nebraska Wesleyan University would be made from the life tenant's share. An additional amount would be deducted from the share of the life tenant and placed in trust and used to purchase a policy of life insurance insuring the life of the life tenant with the remaindermen as beneficiaries, the amount of insurance to approximate the value of the life estate. This plan was adopted by the trial court in the order granting partition.

There is an appraisal in the record which indicates the value of the property at the time of the appraisal was $152,000. A sale of the property at this time would deprive the remaindermen of any possible future benefit from an increase in the value of the real estate.

There is no expense to the remaindermen and little risk of loss so long as their interest is in the real estate. By substituting trusts and life insurance policies for their interest in the real estate, new factors of risk and expense are introduced. What was certain becomes somewhat uncertain, and to what extent no one can at this time predict.

As we view the record it does not support a finding that it is in the best interests of the remaindermen to partition the property. The judgment of the District Court is therefore reversed and the cause remanded with directions to dismiss the petition.

The original conveyance contained a condition "that said Robert Lewis Williams shall not convey, mortgage or encumber his said life estate." No issue has been raised concerning the effect of this

restriction and we express no opinion concerning it.

The guardian ad litem is allowed the sum of $1,500 for his services in this court, to be taxed as costs against the plaintiff Robert Williams.

REVERSED AND REMANDED
WITH DIRECTIONS.