SCHMUECKER BROTHERS IMPLEMENT COMPANY,
APPELLANT, V. EUGENE SOBOTKA, APPELLEE.
348 N.W.2d 130

Filed April 27, 1984. No. 83-440.

James Widtfeldt, for appellant.

John C. Schraufnagel of Cronin, Hannon & Symonds, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

CAPORALE, J.

Plaintiff, Schmuecker Brothers Implement Company, a partnership, appeals from the orders of the trial court expunging from the court records a judgment in its favor against defendant-appellee Eugene Sobotka; sustaining, without leave to amend, the demurrer of Alice Sobotka, wife of Eugene; quashing certain summonses in garnishment; and denying

Schmuecker Brothers' motion for summary judgment on the petition to which the trial court sustained Alice's demurrer. We affirm in part and in part reverse and remand with directions.

In 1971 Schmuecker Brothers filed a petition seeking a judgment based upon allegations that Eugene had breached his contract for the purchase of a tractor and failed to pay promissory notes he had given in connection with that purchase. Eugene failed to answer the petition, and on May 31, 1972, a document labeled "Judgment" was signed by a judge of the district court and filed with the court's clerk. That document reads, in relevant part:

> The Court further finds that the allegations set forth in plaintiff's petition are true and that there is due from said defendant to the plaintiff the sum of Four Thousand Four Hundred Sixty-three Thirty-three ($4,463.33) dollars plus interest at Six (6%) per cent from September 10, 1971 in the sum of $30.50 dollars together with costs herein expended.

> IT IS THEREFOR [sic] CONSIDERED BY THE COURT that the plaintiff have and recover from the defendant the sum of _____ dollars together with his [sic] costs herein expended at the sum of 30.50 dollars together with a reasonable attorney's fee in the sum of $110.00 dollars.

The foregoing language is also contained in the court journal.

Executions on the judgment were returned unsatisfied in 1972 and 1973.

In 1981 Schmuecker Brothers revived the judgment, which had become dormant. On September 10, 1981, an execution was again issued and returned unsatisfied when no property belonging to Eugene could be found.

Subsequently, Schmuecker Brothers attempted to garnish an interest held by Alice in the estate of Lloyd A. Whaley, deceased. In the affidavit supporting the issuance of garnishment summonses,

which were served upon Alice and upon the personal representatives and attorneys for the estate, Schmuecker Brothers alleged not that Alice was indebted to Eugene but, rather, contended that, pursuant to Neb. Rev. Stat. § 42-201 (Reissue 1978), she was liable for her husband's debt on the tractor. At the same time, Schmuecker Brothers filed a petition seeking to add Alice as a defendant in the original lawsuit against her husband and praying for a judgment against her for the amount which remained unpaid on the judgment previously obtained against her husband. Schmuecker Brothers later moved for a summary judgment thereon. Meanwhile, both Alice and Eugene filed motions to quash the garnishments. Eugene additionally sought an order directing the clerk of the district court to expunge the 1972 judgment from the court records. An order was entered quashing the garnishment summonses and directing the clerk to expunge the 1972 judgment. Alice demurred to the petition of Schmuecker Brothers seeking to add her as a defendant. The district court sustained the demurrer, without leave to amend, and overruled Schmuecker Brothers' motion for summary judgment. Schmuecker Brothers filed timely motions for new trial on each order adverse to it. These motions for new trial were duly overruled; whereupon this appeal followed.

Given the posture of the case, Schmuecker Brothers' seven assignments of error raise four issues. Did the trial court err in (1) ordering the 1972 judgment expunged, (2) quashing the garnishments upon Alice's interest in an estate, (3) sustaining Alice's demurrer without leave to amend, and (4) denying Schmuecker Brothers' motion for summary judgment?

We deal with the fourth assignment first because it takes the least discussion. We have repeatedly and recently held that the denial of a motion for summary judgment is not a final order and therefore is not appealable. *Bryant Heating v. United*

*States Nat. Bank*, 216 Neb. 107, 342 N.W.2d 191 (1983). That assignment is devoid of any merit.

However, we sustain Schmuecker Brothers' first assignment of error. Even if Eugene did not waive some or all of the claimed defects in the judgment by failing to answer the revivor action, a determination we do not make, no one having briefed the issue, the original judgment was not void and should not have been expunged. Neb. Rev. Stat. § 25-1301 (Reissue 1979) provides:

(1) A judgment is the final determination of the rights of the parties in an action.

(2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.

(3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court.

In support of his theory that the judgment in this case is void, Eugene cites us to two cases supporting the proposition that no judgment is rendered until a notation is made upon the trial docket. In *Valentine Production Credit Assn. v. Spencer Foods, Inc.*, 196 Neb. 119, 241 N.W.2d 541 (1976), the issue was whether a new trial motion was timely filed. The court held that since the record did not show that a notation had been made on the trial docket when the judge issued his memorandum sustaining plaintiff's motion for summary judgment, the judgment was not rendered until the formal judgment document had been signed by the trial judge and filed. Because the motion for new trial was filed within 10 days of that date, it was held to have been timely. In *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973), the question was when an order became final. This court held that an oral pronouncement

which had not been accompanied by a notation on the trial docket did not constitute the rendition of a judgment and therefore no final order had been entered from which one could appeal. Thus, *Fritch* stands for the proposition that an oral pronouncement accompanied by nothing constitutes nothing. *Valentine Production Credit Assn.*, on the other hand, stands for the proposition that, failing a notation on the trial docket, a judgment is rendered when some written notation of it is made and filed in the records of the court. That written notation accompanied by its filing becomes the equivalent of a notation on the trial docket. That is the situation here.

Eugene further complains of the blank space in the final paragraph of the judgment document. That blank space does not cast any doubt about the amount Schmuecker Brothers was to recover from Eugene. It is an irregularity which has no prejudicial effect and therefore is to be ignored. The trial court erred when it ordered the 1972 judgment expunged. That order is therefore reversed and the cause remanded. The trial court is directed to reinstate that judgment.

The trial court did not err, as claimed in the second assignment of error, by quashing the garnishments sought against Alice's interest in the estate of Lloyd A. Whaley, deceased. In an affidavit supporting the request for garnishment orders, Edward Schmuecker stated that Schmuecker Brothers' executions against Eugene had been returned unsatisfied, the goods supplied which caused the judgment were necessaries of life, and that Alice possessed an interest in the estate of her deceased father, Lloyd A. Whaley. These attempted garnishments have their roots in Schmuecker Brothers' misguided notion that such a remedy is authorized by § 42-201. Neb. Rev. Stat. § 25-1056 (Cum. Supp. 1982) allows garnishment in aid of execution when the garnishee is indebted to the judgment debtor. There is no alle-

gation in Schmuecker Brothers' affidavit that the estate of Lloyd A. Whaley is indebted to Eugene. While the estate may be indebted to Alice, she is not a judgment debtor of Schmuecker Brothers. Section 42-201 provides in part:

[A]ll property of a married woman, except ninety per cent of her wages, not exempt by statute from sale on execution or attachment, regardless of when or how said property has been or may hereafter be acquired, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same.

By the terms of this statute, when a judgment has been returned against a husband for the payment of debts upon contracts for necessaries and execution has been returned unsatisfied against the husband, the wife then becomes liable for those debts. Assuming, but not deciding, that the tractor supplied to Eugene was a necessity, the most that can be said for the effect of § 42-201 is that it creates a debt owing from Alice to Schmuecker Brothers. Since there was no allegation of a debt owing to Eugene from the estate of Lloyd A. Whaley or its personal representatives or attorneys, the quashing of the garnishment summonses was proper.

By the remaining, or third, assignment of error, Schmuecker Brothers complains of the district court's order sustaining, without leave to amend, the demurrer to its pleading labeled "Petition and Praecipe for Summons to Add Alice Sobotka as Defendant," and thereby effectively dismissing the petition. In essence, this pleading constitutes an attempt in 1982 to amend the original petition filed in this case, even though the case proceeded to judgment more than 10 years earlier. While Neb. Rev. Stat. § 25-852 (Reissue 1979) allows pleadings to be

amended after judgment in furtherance of justice, such may not be allowed when the amendment changes the issues. *Collection Associates, Inc. v. Eckel*, 212 Neb. 607, 324 N.W.2d 808 (1982). Not only does this pleading introduce a new issue, namely, whether a tractor is a necessity within the meaning of § 42-201, but it also attempts to expand the relief the original judgment affords by the addition of another judgment debtor.

Neb. Rev. Stat. § 25-854 (Reissue 1979) provides that if a demurrer be sustained, the adverse party may amend if the defect can be remedied. While leave to amend should ordinarily be granted, such is not necessary if there is no reasonable possibility that the plaintiff can state a cause of action. See *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981). Schmuecker Brothers cannot amend its petition so as to state a cause of action against Alice in this case which long ago went to judgment. The trial court was correct in sustaining the demurrer and refusing leave to amend.

Whether Schmuecker Brothers has a cause of action against Alice which can be asserted in a separate action and whether any such cause is time barred are matters not presently before us.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.