COMMERCIAL FEDERAL SAVINGS AND LOAN ASSOCIATION, A CORPORATION, APPELLEE, V. PAUL G. MATT, JR., ET AL., APPELLEES, ZENOWIJ REPICHOWSKYJ, APPELLANT.

439 N.W.2d 463

Filed May 5, 1989.   No. 87-698.

James R. Place and Alan M. Thelen, of Breeling, Welling & Place, for appellant.

Robert T. Cannella, of Fitzgerald & Brown, for appellee Commercial Federal.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and KNAPP and ROWLANDS, D. JJ.

GRANT, J.

This is an appeal from an order of summary judgment entered in favor of the plaintiff-appellee, Commercial Federal Savings and Loan Association (Commercial), by the Douglas County District Court, and against the defendant-appellant, Zenowij Repichowskyj.

Beginning in 1976, appellant, a landscape architect, was retained by Community Development Consultant's Corporation (CDCC) to assist in CDCC's Lakefield development project in Alliance, Nebraska. On July 26, 1977, CDCC executed a $750,000 promissory note and a mortgage, securing this note, on the Alliance land. Commercial was the payee and mortgagee in these instruments. As additional security for the note, Commercial required, and obtained, the personal guaranties of the CDCC stockholders at that time: Steven K. Neff, Paul G. Matt III, Michael R. Duffek, and Norman G. Bahr.

In May of 1979, after providing services to CDCC over a 3-year period, appellant purchased the interest of Duffek and Bahr in CDCC for $28,000. In addition to his $28,000 payment, appellant was required to personally guarantee the Commercial loan in order to get Commercial's release of Duffek and Bahr as guarantors of the $750,000 note. On May 30, 1979, an agreement entitled "Release of Guarantors" was executed by Commercial, appellant, Neff, Paul Matt III, and Paul Matt, Jr., containing the following language:

> WHEREAS, it is the desire of Steven K. Neff, Paul G. Matt III to obtain the release of the guarantee insofar as same applies to Michael R. Duffek and Norman G. Bahr

and to substitute as new guarantors for such released guarantors Zenowij Repichowskyj and Paul G. Matt Jr.; and

WHEREAS, Commercial Federal Savings and Loan Association will only allow such release of guarantors upon the naming of such new guarantors;

NOW, THEREFORE, for and in consideration of mutual covenants herein contained it is agreed as follows:

1. . . . Duffek and . . . Bahr are hereby released of any . . . obligations . . . pursuant to the Guarantee and Agreement between Commercial . . . and Steven K. Neff, Paul G. Matt III, Michael E. [sic] Duffek and Norman G. Bahr dated July 26, 1977.

2. Zenowij Repichowkyj [sic] and Paul G. Matt Jr. are hereby substituted as guarantors . . . .

On the same date, a new guaranty of the $750,000 note was executed by appellant, Neff, Paul G. Matt, Jr., and Paul G. Matt III.

On October 1, 1982, Commercial filed an action in the Box Butte County District Court to foreclose the CDCC mortgage. All of the guarantors, including appellant herein, were made defendants in the foreclosure action. CDCC and the guarantors filed a single answer. On September 12, 1983, the Box Butte County District Court ordered the mortgage foreclosed, found the amount due and owing Commercial to be $480,886, and granted the foreclosure defendants a 20-day redemption period. On September 30, 1983, a 9-month stay of the order of sale was granted by the Box Butte County District Court, on "Defendants' request for stay."

The judgment was never satisfied. On August 14, 1985, the property was sold for $250, and on September 10, 1985, the sale was confirmed. No appeal was taken from these proceedings by any party.

On January 14, 1986, Commercial, after having obtained leave to withdraw the original note, filed an action in the Douglas County District Court against appellant, the two Matts, and Neff. This action sought judgment in the amount of $609,214, representing the deficiency plus interest, on the

guaranty executed in favor of Commercial by appellant and the other guarantors.

In his answer, filed July 10, 1986, appellant pled as affirmative defenses (1) a lack of consideration for his guaranty, (2) insufficient notice of the foreclosure sale, and (3) the invalidity of the foreclosure sale because the sale was not conducted in a commercially reasonable manner. On January 5, 1987, appellant filed his answer to Commercial's third amended petition, setting out the foregoing affirmative defenses plus a fourth, to wit: that Commercial failed to disclose the risks of executing the guaranty to appellant.

Two other defendant guarantors, the Matts, alleged in their separate answer, filed June 24, 1986, an affirmative defense that they had

> presented to Plaintiff a buyer . . . and that Defendants [Matts] and [Commercial] had an agreement whereby [the property] would be purchased by this buyer for . . . $150,000.00, and that after acceptance of [this] agreement by [Commercial], [Commercial] refused to honor this agreement and accept payment in this amount from [the proposed] buyer.

On April 7, 1987, Commercial filed a motion for summary judgment against appellant and the three other guarantors of the mortgage note. A hearing was held on this motion on May 8, 1987, in the Douglas County District Court. At this hearing, the court received in evidence, without objection, certified copies of the Box Butte County District Court foreclosure proceedings and certain other evidence, including appellant's deposition. On May 15, 1987, the Douglas County District Court granted Commercial's motion as to appellant.

After the judgment was granted, appellant filed a motion for leave to amend his answer to include the affirmative defense asserted by the Matts, and filed a separate motion for a new trial and to vacate the district court's judgment. These two motions were denied by the district court in an order issued on June 24, 1987.

In his appeal to this court the appellant assigns as error the actions of the district court (1) in granting summary judgment since (a) there was a lack of consideration for the guaranty, or at

least an issue of fact as to the same, and (b) the defenses asserted by other party defendants should have been considered defenses of appellant; and (2) in abusing its discretion by overruling his motions for leave to amend his answer and for a new trial and vacation of the judgment. We affirm.

Although we need not reach either parts (a) or (b) of appellant's first assignment, since, as we set out below, they are barred by the doctrine of res judicata, it is clear this assignment of error is without merit.

The release executed by appellant recited his guaranty as partial consideration for the release of Duffek and Bahr as guarantors. Appellant's deposition, received as evidence at the hearing on Commercial's motion for summary judgment, shows that he executed the guaranty as a condition of his CDCC stock purchase. There was ample consideration for appellant's execution of the personal guaranty.

As to appellant's assignment pertaining to the district court's denial of his motion for leave to amend his answer to include the defense asserted by the Matts, we note that the Matts' answer referred only to actions of the Matts, that appellant's motion to amend came at least 11 months after he had notice of the facts constituting the defense, and that he had filed two detailed answers without mentioning the defense set out in the Matts' answer. It was only after judgment had been rendered against him that appellant sought again to amend his answer.

It is not an abuse of discretion for a court to refuse to permit an amended answer presenting a new defense to be filed after a judgment has been entered against the requesting party, where the facts to be included in the amended answer were known at the time the original answer was filed, and no excuse is offered for the delay in making the application to amend. See, *Yunghans v. O'Toole*, 199 Neb. 317, 258 N.W.2d 810 (1977); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984); *Collection Associates, Inc. v. Eckel*, 212 Neb. 607, 324 N.W.2d 808 (1982). See, also, Neb. Rev. Stat. § 25-852 (Reissue 1985).

Regardless of the foregoing, appellant filed an answer in the foreclosure proceeding held in the Box Butte County District Court, and the facts which constitute the affirmative defenses

he set out in his answer in this case had accrued prior to the foreclosure decree and confirmation of sale entered by the Box Butte County District Court.

Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Kuhlman v. Cargile,* 206 Neb. 302, 292 N.W.2d 574 (1980); *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979).

The judgment in a former action is final as to every issue which could have been decided in that action. This rule of res judicata is grounded on public policy and the necessity to end litigation. *Farmers State Bank v. Germer,* 231 Neb. 572, 437 N.W.2d 463 (1989); *Caradori v. Hamilton,* 193 Neb. 500, 227 N.W.2d 850 (1975).

Appellant, as a guarantor of a mortgage debt, who was joined and who appeared as a party in a mortgage foreclosure action, cannot, after the decree and confirmation of sale of the mortgaged property have become final, challenge the amount of the indebtedness in a subsequent action for a deficiency judgment by asserting facts which allegedly occurred prior to the trial of the foreclosure action. Such an attack on the amount of the indebtedness and of the resulting sale deficiency is precluded by the foreclosure decree and confirmation of sale which have become final. *Walter E. Heller & Company v. Cox,* 343 F. Supp. 519 (S.D.N.Y. 1972), *aff'd* 486 F.2d 1398 (2d Cir. 1973), *cert. denied* 414 U.S. 827, 94 S. Ct. 46, 38 L. Ed. 2d 61 (1973). See, also, *Stover v. Tompkins,* 34 Neb. 465, 51 N.W. 1040 (1892).

Appellant's second assignment of error concerns the district court's denial of his motion to amend and motion for new trial and to vacate the order of summary judgment. These motions are procedural in nature. The disposition of procedural motions is left to the discretion of the trial court, and absent a showing of an abuse of that discretion, this court will affirm the trial court's rulings regarding such motions. See, *Bittner v.*

32

*Miller,* 226 Neb. 206, 410 N.W.2d 478 (1987); *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987).

The district court did not abuse its discretion in ruling on appellant's motions. The district court's decision granting summary judgment against the appellant is hereby affirmed.

AFFIRMED.